## WELTER v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. January 28, 1925. Rehearing Denied May 2, 1925.)

No. 6576.

**1. Criminal law** ⊜=1129(2)—**Practice of making unnecessary assignments of error condemned.**

In view of its condemnation by the Supreme Court and the Circuit Courts of Appeals in numerous cases, counsel should refrain from the practice of making unlimited and unnecessary assignments of error.

**2. Indictment and information** ⊜=133(1)—**Sufficiency of indictment cannot be tested by objection to introduction of evidence.**

In the federal courts, the sufficiency of an indictment cannot be tested by objection to the introduction of any evidence thereunder.

**3. Conspiracy** ⊜=43(5)—**Offense which is object of conspiracy may be charged as overt act.**

In an indictment under Criminal Code, §, 37 (Comp. St. § 10201), for conspiracy to commit an offense against the United States, the offense which is the object of the conspiracy may be alleged as the overt act.

**4. Conspiracy** ⊜=28—**Indictment lies for conspiracy to commit misdemeanor by violating Prohibition Act.**

An indictment lies, under Criminal Code, § 37 (Comp. St. § 10201), for conspiracy to violate National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), by the unlawful transportation of intoxicating liquors.

**5. Criminal law** ⊜=780(3)—**Charge on weight to be given to testimony of accomplice held unobjectionable.**

Charge that jury should weigh testimony of accomplice with care and consider his plea of guilty in weighing his testimony, but to consider and weigh it the same as other testimony if convinced of its truth, *held* not objectionable, even if his testimony was uncorroborated.

**6. Conspiracy** ⊜=48—**Instruction as to elements of criminal conspiracy approved.**

An instruction as to the essential elements of a criminal conspiracy *held* correct.

In Error to the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Criminal prosecution by the United States against William E. Welter. Judgment of conviction, and defendant brings error. Affirmed.

Frank C. Smith, of St. Louis, Mo., and Andrew P. Moran, of Nebraska City, Neb., for plaintiff in error.

Don W. Stewart, Asst. U. S. Atty., of Lincoln, Neb. (James C. Kinsler, U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before SANBORN, Circuit Judge, and TRIEBER and PHILLIPS, District Judges.

TRIEBER, District Judge. The defendant, plaintiff in error, and two others, Rudolph J. Kreifels and James Griffin, were jointly indicted for conspiracy to violate those sections of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), which make it an offense to possess and transport intoxicating liquors. The defendant Kreifels entered a plea of guilty,

and upon a trial of the plaintiff in error and his codefendant Griffin, the latter was acquitted, by direction of the court. Plaintiff in error was found guilty and sentenced to confinement in the penitentiary for one year and one day, and to pay a fine of $2,000.

[1] There are 33 assignments of error, but in the brief only 16 of the assignments are relied on. Many of the 16 assignments of error in the brief are mere repetitions. Eight of them complain in different language that the evidence was insufficient to warrant a verdict of guilty. Another, that the court erred in overruling a motion for new trial.

The Supreme Court of the United States, as well as this court, has so many times condemned such a multiplicity of assignments of error that counsel should refrain from continuing this practice. Chesapeake & Delaware Canal Co. v. United States, 250 U. S. 123, 39 S. Ct. 407, 63 L. Ed. 889; Pulver v. Union Investment Co. (C. C. A.) 279 F. 699.

[2-4] One of the assignments is that the court overruled an objection to the introduction of any evidence, because the indictment is defective; but no demurrer to the indictment was filed. This is also without merit, as it has been held uniformly by the Supreme Court and this court, as well as other national courts, that this practice does not prevail in the national courts, although it may in the courts of the state, in which the trial is had. Cole v. Ralph, 252 U. S. 286, 40 S. Ct. 321, 64 L. Ed. 567; Boone v. United States, 257 F. 963, 169 C. C. A. 113, and authorities there cited (certiorari denied 250 U. S. 646, 39 S. Ct. 495, 63 L. Ed. 1187); Wild v. United States (C. C. A.) 291 F. 334. The proper proceeding, if an indictment is thought to be defective, is to demur to it, and not wait until after the defendant has pleaded and the jury impaneled and sworn to try the case. Of course, if the indictment is so defective that it would be subject to collateral attack, by writ of habeas corpus, or on a motion in arrest of judgment, the appellate court would notice it of its own motion. Shaw v. United States, 292 F. 339, decided by this court. The grounds upon which it is claimed that the indictment is so defective that no judgment can be entered on it are that it charges in one count a conspiracy to violate the National Prohibition Act, and also a violation of the act of transporting intoxicating liquors; and also upon the ground that under the National Prohibition Act, possessing and transporting intoxicating liquors is only a misdemeanor, punishable by a fine, while the conspiracy statute subjects the offender to punishment which may be confinement in a penitentiary, and therefore is a felony. As to the first ground, the indictment only charges a violation of the National Prohibition Act as the overt act committed by the defendants, which under the law (section 37, Penal Code [Comp. St. § 10201]) must be committed in order to constitute a violation of that section. As to the other ground, this court in Murry v. United States, 282 F. 617, in which the identical question was involved, held that an indictment for conspiracy to violate the National Prohibition Act for unlawfully transporting intoxicating liquors lies. The same conclusion was reached by the Circuit Court of Appeals for the Third Circuit in Goukler v. United States, 294 F. 274.

[5] It is next complained that the court charged the jury that they may convict the defendant on the uncorroborated testimony of Kreifels, an accomplice. But there is nothing in the charge to sustain this contention. What the court in effect charged was as to the weight to be given to the testimony of the accomplice. It charged: "To consider his testimony, to weigh it with care and caution; but if his testimony satisfies you as to its truthfulness, then you have a right to consider and to weigh it the same as you would any other witness. The fact that he has pleaded guilty and is awaiting sentence is proper for you to consider in weighing his testimony." This is certainly as favorable to the defendant as he had a right to demand. But there was ample evidence corroborating the testimony of this accomplice. Even were it uncorroborated, the charge of the court would be unobjectionable. Caminetti v. United States, 242 U. S. 470, 495, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168.

[6] It is also complained that the charge of the court as to what constitutes a conspiracy is erroneous. The court told the jury: "It is not necessary to constitute a conspiracy that two or more persons should meet together and enter into an explicit or formal agreement for an unlawful scheme, or that they should directly by words or in writing state what the unlawful scheme was to be and the details of the plan by means of which the unlawful plan or combination was to be effected. It is sufficient that two or more persons in any manner or through any contrivance positively or tacitly come to a mutual understanding to accomplish a common and unlawful design. In other

words, where an unlawful end is sought to be effected and two or more persons actuated by a common purpose of accomplishing that end work together in any way in furtherance of the unlawful scheme, every one of said persons becomes a member of the conspiracy, although the part he was to take therein was a subordinate one and was to be executed at a remote distance from the other conspirators." There was no error in this.

Another assignment of error is that the court erred in admitting certain testimony, but the assignment of errors in the brief fails to set out what that testimony was, as required by rule 24 of this court, and therefore cannot be considered.

It will serve no useful purpose to set out what the evidence was. It was very voluminous. We have carefully examined it and are convinced that there was substantial evidence warranting the submission of the defendant's guilt to the jury, and its verdict is conclusive.

The judgment is affirmed.