## UNITED STATES v. MORSE.

### No. 535.

District Court, D. Maine, S. D.

Feb. 9, 1939.

John D. Clifford, Jr., U. S. Atty., and Edward J. Harrigan, Asst. U. S. Atty., both of Portland, Me., for plaintiff.

John Carey and Edward Bridgham, both of Bath, Me., for defendant.

PETERS, District Judge.

This case came on to be heard upon motion of the plaintiff for summary judgment under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and from the exhibits and affidavits filed, supplemented by the admissions of the Defendant made in answer to a request for admissions under Rule 36, the following facts sufficiently appear and in my opinion warrant an order for summary judgment.

The late Charles W. Morse of whose estate the defendant is administrator, in the course of the ship-building operations during the war, became indebted to the well known corporation, the United States Shipping Board Emergency Fleet Corporation, in the sum of $52,526.29, and by an instrument in writing dated March 31, 1920, acknowledged the obligation to pay that amount on January 1, 1921. No part of that sum has been paid. The original instrument creating the obligation has been lost and probably destroyed in a fire which burned many of the records formerly of the Fleet Corporation, but photostatic copies were preserved and signatures admitted.

It is alleged in the amended complaint, and appears from the Acts of Congress referred to, that in June, 1920, title to the obligation above referred to, and to all other property of the United States Shipping Board Emergency Fleet Corporation, was transferred to the United States Shipping Board, Act of June 5, 1920, Title 46, U.S.C.A. § 863.

By Executive Order of June 10, 1933, No. 6166, 5 U.S.C.A. § 132 note, the functions of the Shipping Board were turned over to the Department of Commerce and the Shipping Board abolished. Thus the beneficial title held by the United States to the property of the Fleet Corporation by virtue of being its sole owner became an actual, record title, with notice to all parties to that effect.

Mr. Charles W. Morse, having died, the defendant was qualified as the administrator of his estate on May 2, 1933, and in October of that year the United States filed its claim against the estate in the Probate Court of Sagadahoc County. At that time no inventory of the estate had been filed as required by the Maine statute, Rev.St.1930, c. 76, § 43, and none was filed until April, 1935, when an inventory and the first and final account of the administrator were filed at the same time, showing an estate of some $13,000 which was distributed to the heirs of Mr. Morse after payment of some small bills. Suit was brought by the United States August 5, 1937, some time after the limitation under the Maine statutes for bringing such suits had expired.

The defendant contends that the obligation sued on was made by the Fleet Corporation as an independent entity whose rights to bring suit were barred by the Maine statute of limitations, Rev.St. 1930, c. 101, § 15, and refers to the case of United States v. Wood, 2 Cir., 290 F. 109, affirmed in 263 U.S. 680, 44 S.Ct. 134, 68 L.Ed. 503, and to the numerous other cases to the same effect.

If the United States had attempted to maintain its suit with the title to the cause of action in the Fleet Corporation, the point would have been well taken; but it seems by the Act of June 5, 1920, title to the obligation was transferred by the Act of Congress to the United States, or its agency the United States Shipping Board.

The instrument in question was not assigned by the Fleet Corporation to the Government, and no question of agency is involved. Actual title and ownership was transferred by paramount authority to the sovereign; and against the sovereign neither the statute of limitations of the state nor the principles of laches are applicable. Chesapeake & Delaware Canal Co. v. U. S., 250 U.S. 123, 39 S.Ct. 407, 63 L.Ed. 889; United States v. Kirkpatrick, 9 Wheat. 720, 6 L.Ed. 199; United States v. Backus, 24 Fed.Cas. p. 932, No. 14,491; Howe v. Sheppard, 12 Fed.Cas. p. 672, No. 6772.

Summary judgment is ordered for the amount claimed, with interest.