## JACKSONVILLE PAPER CO. et al. v. TOBIN.

### No. 13936.

United States Court of Appeals Fifth Circuit.

June 30, 1953.

Rehearing Denied July 29, 1953.

Louis Kurz, Jacksonville, Fla., Ragland, Kurz & Layton, Jacksonville, Fla., for Jacksonville Paper Co. et al.

Bessie Margolin, Asst. Solicitor, U. S. Department of Labor, Washington, D. C., William S. Tyson, Sol., William A. Lowe and Sylvia S. Ellison, Attorneys, United States Department of Labor, Washington, D. C., Beverley R. Worrell, Regional Attorney, Birmingham, Ala., for appellee.

Before BORAH, RUSSELL and STRUM, Circuit Judges.

RUSSELL, Circuit Judge.

This appeal presents another phase of the long litigation, first initiated in 1940, seeking to require the appellants to comply with the provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The adjudication by the District Court of the existence and extent of coverage of the Paper Company's employees under the Act was affirmed by this court in Fleming v. Jacksonville Paper Co., 5 Cir., 128 F.2d 395, and finally by the Supreme Court in Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460, which affirmed, with certain modifications this Court's decision. The question of coverage is now involved. Reference to these cited cases obviates the necessity for any extended recital of the facts beyond the statement that the decision of this court reversed the judgment of the trial court granting an injunction, but only because the order provided injunction broadly "from violating *any* of the provisions of the Fair Labor Standards Act of 1938", [128 F.2d 399] (emphasis by the court), and directed that a decree be entered in conformity with the violations alleged and proved. Upon the coming down of the mandate from the Supreme Court, the District Court, on June

3rd, 1943, without a further hearing, entered an amended judgment which, as stated by that court in its present memorandum opinion, "did little more than extend the injunctive provisions of the former judgment to the branch offices excluded by the former judgment." It did, however, re-phrase the injunctive order as directed by this court. In April, 1946, the Administrator of the Wage and Hour Division filed an application to adjudicate the defendants, present appellants, in civil contempt because of alleged violations of the decree of the court entered in 1941, (being that considered in 128 F.2d 395, supra, and 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460, supra), and the amended judgment entered in June, 1943, above referred to. This application was denied in the District Court and upon appeal here the judgment of that court was affirmed, but these judgments were reversed by the Supreme Court in McComb v. Jacksonville Paper Co., 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599. That decision and the mandate of the court established that the failure of the defendants to comply with the prior decree of the court constituted a civil contempt which should be punished and purged by enforcement of the trial court's decree requiring restitution to the defendants' employees of the wages and overtime pay required by sections 6 and 7 of the Act in order to vindicate "its authority through enforcement of its decree". 336 U.S. at page 194, 69 S.Ct. at page 501, supra. In execution of this directive the District Court entered the judgment here appealed from, which imposed a fine of $1.00 for civil contempt, and additionally, ordered payment by the defendants of all unpaid wages to its former, as well as present, employees. This

decree overruled the contentions of the defendants: (1) that such payments accruing during a period of more than one year prior to the filing of the application for a civil contempt adjudication were barred by the one year period of limitations provided by the statute of Florida,[1] or by application of the principle of laches; and (2) that in any event, the requirement of payment of the unpaid wages and overtime compensation accruing during the period from the date of the first injunction to the date of the amended judgment[2] was not proper because, in view of the reversal of the 1941 injunction, there was, during such period, no valid order of the court which had been violated. The court ruled that the defenses of limitation and laches were not available to the defendants and that the essential terms of the 1941 judgment had been at all times in full force and effect, and therefore required the defendants "to account for all unpaid wages of all persons in its service since August 29, 1941 entitled to benefit from this case."

Upon this appeal, the defendants assign as error that portion of the judgment which overrules its defenses as just stated. We find neither claim of error to be meritorious.

■■ In this proceeding, having for its purpose the vindication of the court's authority and the exercise of its undisputed power to enforce its decree by requiring compliance with its terms, the United States Court was entirely unfettered and uncontrolled by the state statute of limitations, or by laches. In every relevant and substantial aspect such a proceeding falls within the well established rule that the United States is not bound by state statutes of limitations or by laches.[3] Such state

1. Section 95.11, Florida Statutes 1951, F. S.A.

2. August. 29th, 1941 to June 3rd, 1943. The amounts so adjudged to be paid during this period, are $12,443.77 for the Jacksonville Paper Company and $932.82 for Southern Industries Company.

3. United States v. Summerlin, 310 U.S. 414, 416, 60 S.Ct. 1019, 84 L.Ed. 1283; United States v. Thompson, 98 U.S. 486, 25 L.Ed. 194; United States v. Nashville, C. & St. L. Ry. Co., 118 U.S. 120, 125, 126, 6 S.Ct. 1006, 30 L.Ed. 81; Stanley v. Schwalby, 147 U.S. 508, 514, 515, 13 S.Ct. 418, 37 L.Ed. 259; Chesapeake & Delaware Canal Co. v. United States, 250 U.S. 123, 124–125, 39 S.Ct. 407, 63 L.Ed. 889; Phillips v. Commissioner, 283 U.S. 589, 602–603, 51 S.Ct. 608, 75 L. Ed. 1289; Guaranty Trust Co. v. United States, 304 U.S. 126, 132, 58 S.Ct. 785, 82 L.Ed. 1224; Board of Com'rs of Jackson County v. United States, 308 U.S. 343, 351, 60 S.Ct. 285, 84 L.Ed. 313; United States v. Thomas, 5 Cir., 107 F.2d 765.

statutes are irrelevant in determining the rules which bar enforcement of an equitable right created by Congress.[4] While the question was not there involved, in this very case, 336 U.S. 187, 194, 69 S.Ct. 497, 93 L.Ed. 599, supra, the Supreme Court considered the fact that one of the results of the restitution order would be the recovery by the employees of the back wages to be immaterial, since the primary purpose of the equitable remedy of civil contempt was a vindication of the court's authority. This is clear implication that a state statute of limitations upon the recovery in a suit for unpaid wages by the employee was not material in the equitable proceeding to require restitution. Such has been the uniform holding of this and other courts in similar proceedings seeking restitution under the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq.[5]

■ Appellants' remaining point of error is no better maintained. Its weakness results from the unsoundness of the premise asserted that the 1941 judgment was entirely reversed and set aside by this court. To the contrary, in substance and effect, the provisions of that decree which afford the basis for the order now questioned, that an accounting be made of unpaid wages from the period of its date, was not at all disturbed. The original decree of the trial court was declared too broad and ordered restricted but the infirmity found in no way related to the unpaid wages found to be due the employees to whom that decree related. In other words, the restriction in nowise effected a diminution of the obligation of the defendants to the employees now in question which the court directed the defendants to discharge by payment. The effect of the decision and judgment of this court, except for the disapproval and reversal of the broad provision of the original injunction enjoining the defendants "from violating *any* of the provisions of the Fair Labor Standards Act," was to not only approve the other provisions of the injunction but also to actually extend such provisions to additional employees at branch businesses of the defendants which were not included in the original injunction. The matter is well stated in the memorandum opinion of the District Court in this case.[6] For these reasons the authorities relied upon by the defendants dealing, as they do, with cases where the applicable terms of an injunction are reversed,[7] do not control the situation here.

The judgment of the trial court is Affirmed.

---

4. Holmberg v. Armbrecht, 327 U.S. 392, 394, 66 S.Ct. 582, 90 L.Ed. 743.

5. Creedon v. Randolph, 5 Cir., 165 F.2d 918; Co-Efficient Foundation v. Woods, 5 Cir., 171 F.2d 691; Smith v. Woods, 5 Cir., 178 F.2d 407; Woods v. Wayne, 4 Cir., 177 F.2d 559.

6. "While the original judgment entered on August 29, 1941, was reversed by the Court of Appeals, 128 F.2d 395, and in this respect the holding of the Court of Appeals was affirmed by the Supreme Court of the United States in 317 U.S. 564 [63 S.Ct. 332, 87 L.Ed. 460], when the case came back to the District Court there was no modification in substance of the judgment of the Court save and except that part of the judgment holding the Fair Labor Standards Act not applicable to several of the branch offices of defendants. The judgment was amended to extend the injunctive order to these branch offices. In the judgment entered by me on the petition for adjudication in civil contempt, dated February 19, 1947, all the terms and conditions of the final judgment entered August 29, 1941, and the amended and modified judgment entered June 3, 1943 were expressly continued in full force and effect and the prior judgments were further amended and broadened to include specific matters adjudicated in plaintiff's favor on the petition for adjudication in civil contempt. The terms of the judgment of August 29, 1941, still being in full force and effect, defendants will be required to account for all unpaid wages of all persons in its service since August 29, 1941, entitled to benefit from this case."

7. 148 A.L.R. 1032; Salvage Process Corp. v. Acme Tank Cleaning Process Corp., 2 Cir., 86 F.2d 727; Securities & Exchange Commission v. Okin, 2 Cir., 137 F.2d 862, 148 A.L.R. 1019; Canavan v. Canavan, 18 N.M. 640, 139 P. 154, 51 L.R.A.,N.S., 972; S. Anargyros v. Anargyros & Co., C.C., 191 F. 208; Republic Electric Co. v. General Electric Co., 3 Cir., 30 F.2d 99.