**UNITED STATES of America, as owner of THE SIGNAL HILLS,**

v.

**The BALTIMORE TOWING COMPANY, Inc. (Dissolved), John D. Shapiro, as president, director and stockholder of the Baltimore Towing Company, Inc. (Dissolved), Lorretto M. Noha, as secretary, director and stockholder of The Baltimore Towing Company, Inc. (Dissolved), William E. Blake, director and stockholder of The Baltimore Towing Company, Inc. (Dissolved), and Boston Metals Company, and Boston Metals Company, as owner of THE LSE 50 and LSE 53.**

No. 3830.

United States District Court
D. Maryland, Admiralty Div.

Oct. 10, 1956.

Charles S. Haight, Jr., Atty., Admiralty and Shipping Section, Dept. of Justice, Washington, D. C., and Walter E. Black, Jr., U. S. Atty., and James H. Langrall, Asst. U. S. Atty., Baltimore, Md., for libellant.

John H. Skeen, Jr., Baltimore, Md., for respondents.

THOMSEN, Chief Judge.

Respondents have filed exceptions, on the ground of laches, to the libel *in personam* filed against them by the government in 1956 for damages sustained by its tanker in a collision in 1947.

██ The general rule is that the government is not barred by laches. United States v. Kirkpatrick, 9 Wheat. 720, 735, 6 L.Ed. 199; U. S. v. Summerlin, 310 U. S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283; United States v. Alex Dussel Iron Works, 5 Cir., 31 F.2d 535. This rule, however, is not universally applicable. Cooke v. United States, 91 U.S. 389, 398, 23 L.Ed. 237; Chesapeake & Delaware Canal Co. v. United States, 250 U.S. 123, 39 S.Ct. 407, 63 L.Ed. 889; The Falcon, D.C.Md., 19 F.2d 1009, and cases cited therein.

The government contends that in collision cases in admiralty the government is barred only where the libel is *in rem* and the ship has been sold to an innocent third party without notice. Respondents say that the true test is whether the delay has caused substantial prejudice, and that a sale of the res to an innocent third party is merely one instance, albeit a very clear instance, of such prejudice. Each side claims to find support for its position in The Falcon, supra.

 It is clear that the government is not barred by the mere passage of time, and that it need not set out in its libel any reasons for its delay. United States v. Alex Dussel Iron Works, supra; The Falcon, supra.

 Respondents' exceptions, therefore, must be overruled. It is not necessary or desirable, however, to decide at this time what facts must be shown to bar the government's claim. Respondents may set up in their answer facts showing that they have been prejudiced by the delay, or that the government is estopped to maintain this suit. Since the parties are agreed that it will not take long to try the case on its merits, and since respondents' principal claim of prejudice is based on the alleged impossibility of finding their witnesses, all issues should be deferred until the case has been fully presented on both sides, when it can be most clearly determined whether and to what extent respondents have been prejudiced by the delay. Wnuczwnski v. Argonaut Company, D.C. Md., 130 F.Supp. 439.