Martin P. DURKIN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Harrison A. BENNETT, doing business as Magnetic Salvage, Inc., Sims Paper Stock Company and Delta Glass and Salvage Company; Magnetic Salvage, Inc., a Corporation; Gustave X. Gast, Defendants,

Arthur J. Goldberg, Secretary of Labor, United States Department of Labor, Petitioner.

Civ. A. No. 6773.

United States District Court
N. D. Alabama, S. D.

May 21, 1962.

Charles Donahue, Solicitor, Beverley R. Worrell, Regional Atty., Hubert F. Owens, Atty., United States Department of Labor, Birmingham, Ala., for plaintiff.

Erle Pettus, Jr.; Rives, Peterson, Pettus & Conway, Birmingham, Ala., for defendant.

LYNNE, Chief Judge.

This matter came on for hearing on the 14th day of May, 1962, upon the Order to Show Cause issued on the 23rd day of March, 1962. The Petitioner, the Secretary of Labor, appeared by counsel and the respondent, Harrison A. Bennett, appeared in person and by counsel. The entire record herein being considered, including stipulations of counsel and the testimony of several witnesses, including testimony of respondent, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. On June 4, 1953, this Court entered a final Judgment in the Civil Action styled Martin P. Durkin, Secretary of Labor, Plaintiff v. Harrison A. Bennett, et al., Civil Action No. 6773, permanently enjoining and restraining said Harrison A. Bennett, respondent herein, from violating the provisions of Sections 15(a)(1), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act, as amended, 29 U.S.C.A. § 215(a) (1, 2, 5).

2. On March 23, 1962, Arthur J. Goldberg, Secretary of Labor, filed a petition in this Court, praying that respondent be adjudged in civil contempt of the Judgment of this Court entered on June 4, 1953, and that respondent be required to restore to two (2) of his employees the amounts due them by reason of his violation of the said Judgment; to pay to the Petitioner an amount of money sufficient to compensate him for his expenses incurred in his petition and the investigatory work in connection with it. This petition also contained a prayer that the Judgment heretofore entered by this Court on June 4, 1953 be amended by deleting Paragraph (1) thereof and substituting for that paragraph the following:

"(1) The defendant shall not, contrary to Sections 6 and 15(a)(2) of the Act, pay to any of his employees who are engaged in the production of goods for commerce, as defined by the Act, wages at rates less than one dollar and fifteen cents ($1.15) an hour or any wages at rates less than those which may hereafter be established as the applicable minimum by any amendment of the Act."

3. It was stipulated by counsel, and the Court finds, that throughout the period here involved,

(a) Respondent had knowledge of this Court's Judgment of June 4, 1953 and

its contents, and said respondent was subject to the Fair Labor Standards Act, as amended, and to said Judgment, and

(b) Respondent failed to keep and maintain any record of the time worked by and the wages paid to Percy Nixon and Henry Sims.

4. Percy Nixon and Henry Sims were hired by respondent to gather and load on respondent's truck, "salvage" cardboard, waste paper, and metals at one of the refuse dumps owned and operated by the City of Birmingham. Except for a period of approximately five (5) months during the latter part of 1960, said persons regularly worked, from July 1, 1958, to January 5, 1961, a schedule of five and one-half (5½) or five (5) days each week, as hereinafter particularly shown, with a truck driver employed by respondent to collect, load and haul the aforesaid "salvage" products to his place of business at 2500 First Avenue South, where they were intermingled with like products obtained from other sources and then shipped or delivered to respondent's customers, substantial numbers of which are located outside the State of Alabama.

5. The time records maintained by respondent for his truck drivers, who worked at the city dump, which records were received in evidence as Petitioner's Exhibits 1, 2 and 3, and the testimony of witnesses show such drivers started working a five (5) day week on November 4, 1960, and continued on that schedule until January 5, 1961. These records also show that such drivers worked a schedule of five and one-half (5½) days at the dump each week during the period from July 1, 1958 to June 30, 1960.

6. During the period aforesaid, respondent paid Percy Nixon and Henry Sims in cash each week for their work in gathering cardboard, waste paper and metals and in loading same on his truck at the city dump at the rate of fifteen dollars ($15.00) per workweek of five and one-half (5½) days, or thirty-five (35) hours, during the period from July 1, 1958 to June 30, 1960, and ten dollars ($10.00) per workweek of five (5) days, or twenty-eight (28) hours, during the

period from November 4, 1960 to January 5, 1961.

7. During the period from July 1, 1958 to January 5, 1961, as aforesaid, respondent shipped, delivered, transported, offered for transportation or sold in commerce, as defined by the Act, or shipped, delivered or sold with knowledge that shipment, delivery or sale thereof in commerce, as defined by the Act, was intended, goods in the production of which Percy Nixon and Henry Sims were employed.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of this proceeding, which is an action in vindication of the Court's authority. Jacksonville Paper Company v. Tobin, 5 Cir., 206 F.2d 333, 334.

2. The respondent has failed and refused to obey said Judgment enjoining him from violating the minimum wage, record-keeping and shipping requirements of the Fair Labor Standards Act, as amended, and has held said Judgment and the authority of this Court in contempt, in that

(a) Respondent has violated said Judgment and Section 15(a)(2) of the Fair Labor Standards Act, as amended, by paying to Percy Nixon and Henry Sims, who were employed by him in the production of goods for commerce, as defined by the Act, wages at rates less than seventy-five cents ($.75) per hour for their employment by him during the period from July 1, 1958 to January 5, 1961, and he has underpaid each of said employees in the amount of $2,162.00;

(b) Respondent has violated said Judgment and Section 15(a)(5) of the Fair Labor Standards Act, as amended, by failing to make, keep and preserve any records of the hours worked by and the wages paid to his employees, Percy Nixon and Henry Sims;

(c) Respondent has violated said Judgment and Section 15(a)(1) of the Fair Labor Standards Act, as amended, in that he has shipped, delivered, transported, offered for transportation or sold in com-

merce, as defined by the Act, or shipped, delivered or sold with knowledge that shipment, delivery or sale thereof in commerce, as defined by the Act, was intended, goods in the production of which his aforesaid employees were employed and paid at rates less than those required to be paid under said Judgment and Section 6 of the Act.

3. The Petitioner herein is entitled to a decree, ordering full restitution by the respondent of underpayments due under the Act in behalf of Percy Nixon and Henry Sims in the amount of $4,324.00. The said Petitioner is also entitled to a decree, ordering respondent to pay a compensatory fine in the sum of $481.96 to reimburse the Petitioner, in part, for his reasonable costs and expenses in the investigation of respondent's operations and in the prosecution of this action.

Judgment will be entered accordingly.