Ray MARSHALL, Secretary of Labor,
Plaintiff-Appellant,

v.

INTERMOUNTAIN ELECTRIC COMPA-
NY, INC., Defendant-Appellee.

No. 78–1623.

United States Court of Appeals,
Tenth Circuit.

Argued Nov. 27, 1979.

Decided Jan. 30, 1980.

Diane E. Burkley, U. S. Dept. of Labor, Washington, D.C. (with Carin A. Clauss, Sol. of Labor; Benjamin W. Mintz, Associate Sol. for Occupational Safety and Health; Allen H. Feldman, Acting Counsel for Appellate Litigation; Dennis K. Kade, Asst. Counsel for Appellate Litigation, U. S. Dept. of Labor, Washington, D.C.; and Henry C. Mahlman, Associate Regional Sol., Denver, Colo., on the brief), for plaintiff-appellant.

James A. Jablonski, Denver, Colo. (with David R. Gorsuch and Eve M. Hernquist, of Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., on the brief), for defendant-appellee.

Before DOYLE and McKAY, Circuit Judges, and BROWN, District Judge.*

* Of the United States District Court for the District of Kansas, sitting by designation.

1. Colo.Rev.Stat. § 13–80–106 (1973) reads:
   Actions under federal statutes. All actions upon a liability created by a federal statute, other than for a forfeiture or penalty for which actions no period of limitations is provided in such statute, shall be commenced within two years or the period specified for comparable actions arising under Colorado law, whichever is longer, after the cause of action accrues.

2. Section 11(c) in its entirety reads:
   (1) No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter.
   (2) Any employee who believes that he has been discharged or otherwise discriminated

McKAY, Circuit Judge.

On December 12, 1975, Edward J. Cavaliere was discharged by his employer, appellee Intermountain Electric Company (Intermountain). Approximately seven days later Cavaliere filed a complaint with the Secretary of Labor, claiming that he had been unlawfully discharged for filing safety-related complaints with his employer. On February 8, 1978, nearly 26 months after Cavaliere's discharge, the Secretary filed a complaint against Intermountain, alleging a violation of § 11(c) of the Occupational Safety and Health Act of 1970 (OSH Act), 29 U.S.C. § 660(c). The Secretary's suit sought an injunction against future violations of § 11(c) and other relief, including reinstatement and backpay for Cavaliere.

The district court granted Intermountain's motion to dismiss on the ground that the action was barred by Colorado's two-year statute of limitations for federal causes of action.[1] The only issue presented on this appeal is whether the suit brought by the Secretary of Labor pursuant to § 11(c) of the OSH Act is subject to Colorado's otherwise applicable statute of limitations.

■ The OSH Act contains no explicit limitations period for actions brought under § 11(c).[2] In such a case, Congress is usually

against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary alleging such discrimination. Upon receipt of such complaint, the Secretary shall cause such investigation to be made as he deems appropriate. If upon such investigation, the Secretary determines that the provisions of this subsection have been violated, he shall bring an action in any appropriate United States district court against such person. In any such action the United States district courts shall have jurisdiction, for cause shown to restrain violations of paragraph (1) of this subsection and order all appropriate relief including rehiring or reinstatement of the employee to his former position with back pay.
   (3) Within 90 days of the receipt of a complaint filed under this subsection the Secretary shall notify the complainant of his determination under paragraph (2) of this subsection.
29 U.S.C. § 660(c).

deemed to have intended that the most analogous state statute of limitations should apply. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); *O'Sullivan v. Felix*, 233 U.S. 318, 322, 34 S.Ct. 596, 58 L.Ed. 980 (1914). However, that doctrine has been applied only to private suits brought under federal statutes.[3] A state statute of limitations does not apply, even in the absence of a federal limitations period, if it is inconsistent with the underlying policies of the federal statute. *See Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355, 367, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 465, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 701, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); *Board of County Commissioners v. United States*, 308 U.S. 343, 351–52, 60 S.Ct. 285, 84 L.Ed. 313 (1939). Nor will a state limitations period be applied to an action brought by the federal government to vindicate public rights or public interests, absent a clear showing of contrary congressional intent. *See United States v. Summerlin*, 310 U.S. 414, 416, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); *Board of County Commissioners v. United States*, 308 U.S. 343, 350–51, 60 S.Ct. 285, 84 L.Ed. 313 (1939); *United States v. Minnesota*, 270 U.S. 181, 196, 46 S.Ct. 298, 70 L.Ed. 539 (1926); *Chesapeake & Delaware Canal Co. v. United States*, 250 U.S. 123, 125–27, 39 S.Ct. 407, 63 L.Ed. 889 (1919); *Cassidy Commission Co. v. United States*, 387 F.2d 875, 880 (10th Cir. 1967).

Nothing in the OSH Act itself suggests a congressional intention to adopt state statutes of limitations. The primary purpose of the OSH Act is to assure safe and healthful working conditions for workers. Section 11(c) is designed to further that public policy. Its primary purpose is to ensure that violations of the OSH Act are reported, rather than to vindicate private interests. *Cf. NLRB v. Scrivener*, 405 U.S. 117, 121–22, 92 S.Ct. 798, 31 L.Ed.2d 79 (1972); *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292–93, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960). Nevertheless, by allowing for reinstatement, backpay and other relief, the Act also serves to protect individual rights.

Prior to the Supreme Court decision in *Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977), it was not clear what effect a state limitations statute would have on an action brought primarily to vindicate public rights, but where the primary immediate effect would be relief for private individuals. In *Occidental* an employee had been discharged, allegedly in violation of provisions of Title VII of the Civil Rights Act of 1964.[4] The EEOC brought an action seeking reinstatement and backpay for the discharged employee as well as injunctive relief against further violations of the Act. The remedy sought was essentially the same as in the instant case. The Supreme Court concluded that the state limitations statute was not applicable to the EEOC action.

Clearly, an action brought by the Secretary of Labor pursuant to § 11(c) of the OSH Act, like the Title VII suit brought by the EEOC in *Occidental*, serves to vindicate important federal as well as private interests.[5] In fact, the policy underlying the

---

**3.** An action which, although brought in the name of the United States, involves no public rights or interests may be subject to a state statute of limitations. In such a case the federal government functions as a mere conduit for the enforcement of private rights which could have been enforced by the private parties themselves. *United States v. Beebe*, 127 U.S. 338, 343–48, 8 S.Ct. 1083, 32 L.Ed. 121 (1888). *See also La Republique Francaise v. Saratoga Vichy Spring Co.*, 191 U.S. 427, 437–38, 24 S.Ct. 145, 48 L.Ed. 247 (1903); *Moran v. Hor-*

*sky*, 178 U.S. 205, 213–14, 20 S.Ct. 856, 44 L.Ed. 1038 (1900); *United States v. American Bell Tel. Co.*, 167 U.S. 224, 264–66, 17 S.Ct. 809, 42 L.Ed. 144 (1897); *United States v. Des Moines Nav. & Ry.*, 142 U.S. 510, 538–39, 12 S.Ct. 308, 35 L.Ed. 1099 (1892).

**4.** 42 U.S.C. § 2000e–5.

**5.** The Court in *Occidental* emphasized that "the EEOC does not function simply as a vehicle for conducting litigation on behalf of private par-

 

refusal to apply state limitations statutes is even more compelling in a § 11(c) suit than in a Title VII action because, unlike § 11(c), Title VII authorizes a private suit in the name of the aggrieved employee in addition to, or in lieu of, an action by the federal agency.[6]

■ Although the Court in *Occidental* put great emphasis on the legislative history of the Title VII enforcement provisions, we believe that case effectively fashioned a new rule to deal with actions brought by the federal government to vindicate combinations of private and public interests: When an action is brought by the government to enforce private as well as public rights, state statutes of limitations do not apply to bar the action even though no federal period of limitations is provided. However, unlike the rule relating to actions brought exclusively for the benefit of the federal government,[7] the doctrine of laches may be applied in these hybrid cases to limit relief. *See Occidental Life Insurance Co. v. EEOC*, 432 U.S. at 373, 97 S.Ct. 2447.[8]

■ In this case, suit was brought by a federal agency to vindicate important public interests. Accordingly, no state statute of limitations may bar the suit. Intermountain does not assert a theory of laches

or prejudice. Because the trial court inappropriately applied a Colorado statute of limitations to this § 11(c) action by the Secretary of Labor, the order of dismissal is reversed.

---

ties." 432 U.S. at 368, 97 S.Ct. at 2455. *See also Franks v. Bowman Trans. Co.*, 424 U.S. 747, 778 n.40, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976). In contexts similar to the present OSH Act enforcement action, the Supreme Court has made it abundantly clear that suits by the Secretary of Labor or the National Labor Relations Board to remedy violations of labor laws are not merely suits to vindicate private wrongs. Such suits serve to protect important public interests. *See, e. g., Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292–93, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960); *Phelps Dodge Corp. v. NLRB*, 313 U.S. 177, 192–93, 61 S.Ct. 845, 85 L.Ed. 1271 (1941); *National Licorice Co. v. NLRB*, 309 U.S. 350, 362–63, 60 S.Ct. 569, 84 L.Ed. 799 (1940); *Amalgamated Util. Workers v. Consolidated Edison Co.*, 309 U.S. 261, 266–70, 60 S.Ct. 561, 84 L.Ed. 738 (1940).

**6.** The fact that the OSH Act makes no express provision for a private cause of action in favor of an aggrieved employee would apparently satisfy the concerns expressed by the dissenting justices in *Occidental*: "Since here the suit is to recover backpay for an individual that

could have brought her own suit, it is impossible to think that the EEOC was suing in the sovereign capacity of the United States." 432 U.S. at 383, 97 S.Ct. at 2463 (Rehnquist, J., dissenting in part). We express no opinion on the existence of an implied private cause of action under § 11(c).

**7.** *See, e. g., Costello v. United States*, 365 U.S. 265, 281, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961); *Board of County Comm'rs v. United States*, 308 U.S. 343, 351, 60 S.Ct. 285, 84 L.Ed. 313 (1939); *Chesapeake & Del. Canal Co. v. United States*, 250 U.S. 123, 125, 39 S.Ct. 407, 63 L.Ed. 889 (1919); *United States v. Beebe*, 127 U.S. 338, 344, 8 S.Ct. 1083, 32 L.Ed. 121 (1888).

**8.** The *Occidental* Court emphasized that, although the action brought by the EEOC was not subject to the state limitations period, federal courts have "the power to provide relief," if a party is prejudiced by inordinate delay in the filing of an action by a federal agency. 432 U.S. at 373, 97 S.Ct. 2447.