**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**R.D. ANDERSEN CONSTRUCTION COMPANY, INC., Defendant.**

No. 82–4050.

United States District Court, D. Kansas.

Oct. 1, 1982.

T. Timothy Ryan, Jr., Sol. of Labor, Tedrick A. Housh, Jr., Regional Sol., Keithley F.T. Lake, Atty., U.S. Dept. of Labor, Stephen G. Reynolds, U.S. Dept. of Labor, Kansas City, Mo., for plaintiff.

Stewart L. Entz, Colmery, McClure, Funk, Letourneau & Entz, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is an action brought by the Secretary of Labor against the defendant, R.D. Andersen Construction Company, Inc., pursuant to Section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 660(c). This matter is presently before the court upon defendant's motion to dismiss. The court has heard oral argument and is now prepared to rule.

The facts in this case as alleged by the plaintiff are as follows. Defendant is a general contractor engaged in construction. On or about April 1, 1981, defendant was engaged in the renovation of Marvin Hall, a dormitory on the campus of the University of Kansas. At some point during the construction, the Lawrence Journal World newspaper received reports that asbestos dust was being blown into the atmosphere from uncovered trucks leaving the workplace. On April 8, 1981, a reporter from the newspaper visited the jobsite to investigate these reports. The reporter talked to Ronald Fent, an employee of the defendant, about the existence of asbestos dust on the premises. Fent agreed to allow the reporter to use his name as a source for the reporter's article. Thereafter, on April 9, 1981, the reporter's article was published in the Lawrence newspaper. Fent was quoted in the story, but his name appeared as Ray Fent. On April 10, 1981, Fent was summoned by the defendant's site superintendent and questioned about the news article. Fent admitted that he was indeed the source quoted and thereafter he was discharged from employment by the superintendent. Subsequently, on April 20, 1981, Fent filed a complaint with the Occupational Safety and Health Administration, wherein he alleged that his discharge by the defendant was a direct result of his conversation with the newspaper reporter concerning asbestos dust at the jobsite. On March 12, 1982, the Secretary of Labor filed

this action alleging that the defendant's action in terminating Ronald Fent violated section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 660(c). The Secretary seeks injunctive relief against future violations of section 11(c) and other relief, including backpay for Fent.

In the instant motion to dismiss, defendant contends that the plaintiff's complaint fails to state a claim upon which relief can be granted under section 11(c) and the regulations promulgated thereunder by the Secretary of Labor, 29 C.F.R. § 1977.1 *et seq.* In considering the sufficiency of a complaint in the context of a motion to dismiss, the court must treat all of the well-pleaded allegations of the complaint as true. *Miree v. DeKalb County, Georgia,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977). Furthermore, a complaint should never be dismissed for insufficiency unless it appears to a certainty that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 22 L.Ed.2d 80 (1957).

▮▮▮ The court begins by examining the statutory and regulatory authority under which this action is brought. The primary purpose of the Occupational Safety and Health Act is to assure safe and healthful working conditions for workers. *Marshall v. Intermountain Electric Co., Inc.,* 614 F.2d 260, 262 (10th Cir.1980); 29 U.S.C. § 651. Section 11(c) of the Act is designed to further that public policy. It provides in pertinent part as follows:

> No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter.

The primary purpose of section 11(c) is to ensure that violations of the Act are reported. *Marshall v. Intermountain Electric Co., Inc., supra.*

The Secretary has promulgated interpretive regulations which further explain the mandates of section 11(c). The regulations pertinent to the instant case provide as follows:

> § 1977.9   Complaints under or related to the Act.

(a) Discharge of, or discrimination against, an employee because the employee has filed "any complaint * * * under or related to this Act * * *" is prohibited by section 11(c). An example of a complaint made "under" the Act would be an employee request for inspection pursuant to section 8(f). However, this would not be the only type of complaint protected by section 11(c). The range of complaints "related to" the Act is commensurate with the broad remedial purposes of this legislation and the sweeping scope of its application, which entails the full extent of the commerce power. (See Cong.Rec., vol. 116, p. P.42206, Dec. 17, 1970).

(b) Complaints registered with other Federal agencies which have the authority to regulate or investigate occupational safety and health conditions are complaints "related to" this Act. Likewise, complaints made to State or local agencies regarding occupational safety and health conditions would be "related to" the Act. Such complaints, however, must relate to conditions at the workplace, as distinguished from complaints touching only upon general public safety and health.

(c) Further, the salutary principles of the Act would be seriously undermined if employees were discouraged from lodging complaints about occupational safety and health matters with their employers. (Section 2(1), (2), and (3)). Such complaints to employers, if made in good faith, therefore would be related to the Act, and an employee would be protected against discharge or discrimination caused by a complaint to the employer.

> § 1977.10   Proceedings under or related to the Act.

(a) Discharge of, or discrimination against, any employee because the employee has "instituted or caused to be instituted any proceeding under or related to this Act" is also prohibited by section 11(c). Examples of proceedings which could arise specifically under the Act would be inspections of worksites under section 8 of the Act, employee contest of abatement date under section 10(c) of the Act, employee initiation of proceedings for promulgation of an occupational safety and health standard under section 6(b) of the Act and Part 1911 of this chapter, employee application for modification of revocation of a variance under section 6(d) of the Act and Part 1905 of this chapter, employee judicial challenge to a standard under section 6(f) of the Act and employee appeal of an Occupational Safety and Health Review Commission order under section 11(a) of the Act. In determining whether a "proceeding" is "related to" the Act, the considerations discussed in § 1977.9 would also be applicable.

(b) An employee need not himself directly institute the proceedings. It is sufficient if he sets into motion activities of others which result in proceedings under or related to the Act.

§ 1977.11   Testimony.

Discharge of, or discrimination against, any employee because the employee "has testified or is about to testify" in proceedings under or related to the Act is also prohibited by section 11(c). This protection would of course not be limited to testimony in proceedings instituted or caused to be instituted by the employee, but would extend to any statements given in the course of judicial, quasi-judicial, and administrative proceedings, including inspections, investigations, and administrative rule making or adjudicative functions. If the employee is giving or is about to give testimony in any proceeding under or related to the Act, he would be protected against discrimination resulting from such testimony.

§ 1977.12   Exercise of any right afforded by the Act.

(a) In addition to protecting employees who file complaints, institute proceedings, or testify in proceedings under or related to the Act, section 11(c) also protects employees from discrimination occurring because of the exercise "of any right afforded by this Act." Certain rights are explicitly provided in the Act; for example, there is a right to participate as a party in enforcement proceedings (sec. 10). Certain other rights exist by necessary implication. For example, employees may request information from the Occupational Safety and Health Administration; such requests would constitute the exercise of a right afforded by the Act. Likewise, employees interviewed by agents of the Secretary in the course of inspections or investigations could not subsequently be discriminated against because of their cooperation.

\*     \*     \*     \*     \*     \*

Here, it is not contended that Fent was terminated because he filed a complaint with OSHA or any other federal or state agency regarding the conditions at the defendant's workplace. Further, it is not contended that Fent was terminated for lodging a complaint with his employer about occupational safety and health matters. The issue presented here is whether an employee's communication with a newspaper reporter concerning the safety and health hazards on the jobsite is a protected activity under section 11(c) and the aforementioned regulations. Both parties recognize that this is a case of first impression. Neither party has cited a case to the court which sheds any light on the instant issue.

It is the defendant's position that section 11(c) and the regulations promulgated thereunder do not cover the activity that occurred here. Plaintiff responds that such a reading of the statute and the regulations is formalistic and in disregard of the broad remedial function of the Act. Plaintiff relies heavily upon the language contained in 29 C.F.R. § 1977.10(b).

After carefully reviewing the language and intent of the Occupational

Health and Safety Act, we must agree with the position taken by the plaintiff. We find the defendant's construction of the statute and the regulations to be too restrictive. The very language of the statute suggests that a broad construction is appropriate. Further, the broad remedial purpose of the Act mandates that an employee's communications with a newspaper reporter regarding conditions of the workplace are protected. The language of 29 C.F.R. § 1977.10(b) is sufficiently broad to cover the situation present in the instant case. It is clear that proceedings could be instituted after an employee's communications with the media. Therefore, we find that an employee's communication with the media regarding the conditions of the workplace are protected by section 11(c) of the Act. Accordingly, defendant's motion to dismiss shall be denied.

IT IS SO ORDERED.