661 F.Supp. 1053 (1987)
UNITED STATES of America, et al., Plaintiffs,
v.
J.B. STRINGFELLOW, Jr., et al., Defendants.
And Related Counterclaims And Third Party Complaints.
No. CV 83-2501 JMI (MCx).
United States District Court, C.D. California.
June 4, 1987.
*1054 *1055 Michael R.W. Green, Trial Atty., Land & Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., Stephen S. Trott, U.S. Atty., James R. Arnold, Asst. U.S. Atty., Los Angeles, Cal., for U.S.
Donald A. Robinson, Deputy Atty. Gen., California Dept. of Justice, Los Angeles, Cal., Michael W. Steinberg, Land and Natural Resources Div., Environmental Defense Section, U.S. Dept. of Justice, Washington, D.C., Robert C. Thompson, John Rothman, Harlan C. Agnew, Region 9, U.S.E.P.A., San Francisco, Cal., Bill White, Office of the Chief Counsel, State Water Resource Control Bd., Sacramento, Cal., Heidi Hughes, Office of Enforcement & Compliance Monitoring, U.S.E.P.A., Washington, D.C., Marian King, State of Cal. Dept. of Health Services, Sacramento, Cal., Tom Dahl, E.P.A.-N.E.I.C., Denver, Colo., William R. Attwater, California Water Resources Control Bd., Sacramento, Cal., for State of Cal.
Lawrence A. Salibra II, Alcan Aluminum Corp., Cleveland, Ohio, for Alcan Aluminum Corp.
David E. Klein, Shelden, Kulchin, & Klein, Encino, Cal., for Alumax, Inc.
Robert I. McMurry, Sidley & Austin, Los Angeles, Cal., for BKK Corp.
James D. Petterson, Bellflower, Cal., for Capri Pumping Service.
Michael A. Kahn, Douglas N. Sullivan, Folger & Levin, San Francisco, Cal., for The Deutsch Co.
Michael Hickock, McCutchen, Black, Verleger & Shea, Los Angeles, Cal., for General Elec. Co. and Rheem Mfg. Co.
Munger Tolles & Olson, Los Angeles, Cal., for Northrop Corp. and Rockwell Intern. Corp.
Joseph Stell, Stell, Levine & Bookman, Los Angeles, Cal., for General Steel & Wire Co.
Freidrich W. Seitz, Kenneth Moreno, Murchison & Cumming, Los Angeles, Cal., for Paul Hubbs and Lucille Hubbs.
Richard Goff, Rene Tatro, Heller, Ehrman, White & McAuliffe, San Francisco, Cal., for Hunter Engineering Alumax, Inc.
Wilfred Lemann, Fullerton & Lemann, San Bernardino, Cal., for E. Moe McCook.
*1056 Allan J. Topol, Patricia A. Barald, James R. Murray, Covington & Burling, Washington, D.C., for McDonnell Douglas Corp., National Distillers & Chemical Corp., Norris Ind.
Martin J. Foley, Bryan, Cave, McPheeters & McRoberts, Los Angeles, Cal., for McDonnell Douglas Corp., National Distillers & Chemical Corp., Norris Ind.
David L. Mulliken, Steven P. McDonald, Latham & Watkins, San Diego, Cal., for Montrose Chemical Corp.
Alexander Chen, Clifford L. Schaffer, Pachter, Gold & Schaffer, Los Angeles, Cal., for Post Transp. Co.
Michael F. Bell, Booth, Mitchel, Strange & Smith, Los Angeles, Cal., for Quemetco, Inc.
Robert E. Kelly, Jr., LaFollette, Johnson, Shroeter & Dehass, Los Angeles, Cal., for Rainbow Canyon Mfg. Corp.
Barry P. Goode, Marilee J. Allon, McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., for Rohr Industries, Inc.
William L. Siskind, Standard Dredging Corp., Baltimore, Md., Jonathan Kohn, Newark, N.J., for Standard Dredging Corp.
Robert L. Ackerly, Washington, D.C., Joseph D. Lonardo, Vorys, Sater, Seymour & Pease, Columbus, Ohio, for Stauffer Chemical Corp.
James W. Ward, Sharon J. Waters, Thompson & Colegate, Riverside, Cal., Christopher P. Bisgaard, Mary G. Whitaker, Lewis, D'Amato, Brisbois & Bisgaard, Los Angeles, Cal., for J.B. Stringfellow, Jr., Gwendolyn M. Stringfellow, William H. Stringfellow, Stringfellow Quarry Co., Stringfellow Quarry Co., Inc.
Vincent Fish, Chase, Rotchford, Drukker & Bogust, Los Angeles, Cal., for Weyerhauser Co.
Margaret Grover, Sedgwick, Detert, Moran & Arnold, San Francisco, Cal., for Underwriters in London.
Frederick D. Woocher, Joel R. Reynolds, Carlyle W. Hall, Jr., John R. Phillips, Center for Law in Public Interest, Los Angeles, Cal., for intervenors.
Albert J. Galen, Holley & Galen, Los Angeles, Cal., Vincent C. Page, Hill, Farrer & Burrill, Los Angeles, Cal., for Alcan Aluminum Corp., McDonnell Douglas Corp., National Distillers & Chemical Corp., NI Industries, Inc., and Stauffer Chemical Co.
Patrick L. Finley, Pillsbury, Madison & Sutro, San Francisco, Cal., for Aerojet-General Corp., Air Products and Chemicals, Inc., Aluminum Company of America, American Electronics, Inc., American Mineral Spirits Co., Avery Intern. Corp., AT & T Technologies, Inc., Bestile Mfg. Co., Borg-Warner Corp., Bourns, Inc., California-Doran Heat Treating Co., Carrier Corp., Collier Carbon and Chemical Corp., Chevron U.S.A., Inc., Dart Industries, Inc., Day & Night Mfg. Co., Dixon Hard Chrome Co., Ferro Corp., The Garrett Corp., General Foods Corp., Joslyn Mfg. and Supply Co., Kelley Mfg. Co., Lockheed Corp., MacDermid, Inc., Mask-Off Company, Inc., McKesson Corp., Modern Plating Co., Pacific Tube Co., Proto Tool Co., Purex Industries, Inc., Rich Steel Pickling Co., Sargent-Fletcher Co., Scovill, Inc., S-G Metals Industries, Inc., The Singer Co., Standard Nickel-Chromium Plating Co., Swiss Dairy, Teledyne, Inc., Texaco, Inc., Transamerica Delaval, TRW, Inc., Whittaker Corp.
Charles C. Ivie, Gibson, Dunn & Crutcher, Dean Housell, Donovan, Leisure, Newton & Irvine, Los Angeles, Cal., for Aeroscientific Corp.
William P. Driscoll, Musick, Peeler & Garrett, Los Angeles, Cal., for Alco Min., Inc.
Margaret A. Nagle, Stroock, Stroock & Lavan, Los Angeles, Cal., for Aluminum Extrusion Co.
Timothy R. Thomas, Union Oil Co. of California, Legal Dept., Los Angeles, Cal., for American Mineral Spirits Company, Collier Carbon and Chemical Corp.
David W. Alden, Orrick, Herrington & Sutcliffe, San Francisco, Cal., Grossman, Graven, Perry & Block, Los Angeles, Cal., for Ameron, Inc.
Neil M. Schwartz, Burton H. Ward, Inc., Fazio, McDonnell, Briggs, Ward & Holland, *1057 La Habra, Cal., for Anchor Post Products, Inc. of California.
Paul L. Riles, Riles and Rumburg, Sherman Oaks, Cal., for Asbury Oil Co.
Patrick H. Hughes, North Hollywood, Cal., for Atlas Galvanizing Co.
Ronald C. Peterson, Tuttle & Taylor, Los Angeles, Cal., for Atlantic Richfield Co. as successor by merger to Anaconda Wire and Cable Co.
Thomas L. Flattery, General Counsel, PCC Technical Industries, Inc., Oficinas Del Mar, Santa Monica, Cal., for Automation Industries, Inc. as successor by merger to Chemical Contour Corp.
Jeffrey Zinder, Thomas C. Mercer, Mercer and Gallagher, Los Angeles, Cal., for J.H. Baxter, Inc.
Fritz A. Max, Waters, McCluskey & Boehle, Los Angeles, Cal., for California Metal Enameling Co.
Fred B. Belanger, Schell & Delamer, Los Angeles, Cal., for Desert Bermuda Properties, successor in interest to Southern California Aircraft Corp.
Larry W. Mitchell, Cotkin, Collins, Kolts & Franscell, Los Angeles, Cal., for Dixon Hard Chrome, Inc.
Richard S. Odom, Brobeck, Phleger & Harrison, Los Angeles, Cal., for Estech, Inc., sued herein as Swift & Co.
Everett L. Spriggs, Bruce E. Disenhouse, Kinkle, Rodiger and Spriggs, Riverside, Cal., for Fansteel, Inc., as successor by merger to Precision Sheet Metal, Inc.
Patricia H. Sachs, General Foods Corp., Law Dept., White Plains, N.Y., for General Foods Corp.
Robert C. Packard, Kirtland & Packard, Los Angeles, Cal., for General Veneer Mfg. Co., H.K. Porter Co., Inc.
Harman R. Ballin, Levin, Ballin, Plotkin & Zimring, North Hollywood, Cal., for George Industries.
Michael C. Veysey, Business Section Legal Counsel Gould, Inc., Rolling Meadows, Ill., for Gould, Inc.
Gary M. Crane, Crane & Humphries, Glendale, Cal., for G.W. Galloway Co.
Lawrence R. Resnick, Decastro, West, Chodorow & Burns, Los Angeles, Cal., for Halliburton, Inc.
C. William Dahlin, Sharp & Maroot, Hanford, Cal., for Liquid Chemical Co.
William K. Dial, Richard C. Neal, Lawler, Felix & Hall, Los Angeles, Cal., for Hughes Aircraft Co., Spectrolab, Inc.
Ira Reiner, City Atty., Los Angeles, Cal., for City of Los Angeles Dept. of Airports.
David L. Nye, Office of the City Atty., Dept. of Water & Power, Los Angeles, Cal., for City of Los Angeles Dept. of Water and Power.
James S. Van Dam, McKay, Byrne, Graham, & Van Dam, Santa Ana, Cal., for Los Angeles Galvanizing Co.
Edward D. Vogel, Stephen C. Taylor, Sheppard, Mullin, Richter & Hampton, Los Angeles, Cal., for Martin Marietta Aluminum, Inc. successor in interest to Harvey Aluminum, Inc.
Thomas E. Lynch, III, Miles & Stockbridge, Baltimore, Md., for McCulloch Corp.
Norman A. Dupont, Paul, Hastings, Janofsky & Walker, Santa Monica, Cal., for McCulloch Corp., Ford Aerospace & Communications Corp.
Richard T. Anderson, Best, Best & Krieger, Riverside, Cal., for Northwest Mosquito Abatement Dist.
Marshall A. Rutter, Rutter, O'Sullivan, Greene & Hobbs, Los Angeles, Cal., for Plessey Precision Metals.
Douglas W. Beck, Ronald C. Peterson, Tuttle & Taylor, Inc., Los Angeles, Cal., for Richfield Oil Corp.
Richard D. Roth, Texaco, Inc., Los Angeles, Cal., for Texaco, Inc.
Michael Barclay, Spensley, Horn, Jubas & Lubitz, Los Angeles, Cal., for Tracor Corp. successor in interest to Astro-Science Corp.
Leo M. Pruett, Phil N. Walker, San Francisco, Cal., for U.S. Steel Corp.
Steven P. Rice, Kindel & Anderson, Los Angeles, Cal., for Weber Metals, Inc.
*1058 Scott J. Stockdale, Morgan, Wenzel & McNicholas, Orville O. Orr, Jr., Morgan, Lewis & Bockius, Los Angeles, Cal., Reid, Babbage & Coil, Riverside, Cal., William O. Bresnik, Leslie C. Randal, Mauryne S. Fennell, Los Angeles, Cal., Park Haney, National Enforcement Investigation Center, Denver, Colo., Frank B. Russo, U.S.E.P.A., Office of Waste Programs Enforcement, Washington, D.C., for Wyle Laboratories.

ORDER
IDEMAN, District Judge.
The plaintiffs have moved the Court for partial summary judgment under Comprehensive Environmental Response, Compensation, and Liability Act, (hereinafter "CERCLA"), sections 107(a) and 107(b). In addition, the United States has moved to strike defendants' affirmative defenses other than those listed in CERCLA section 107(b). The motion came on for hearing before the Court, the Honorable James M. Ideman, United States District Judge, presiding. Having duly considered the moving and responding papers submitted, the oral argument of counsel, the Report of the Special Master, and the file in the case, the Court hereby GRANTS IN PART and DENIES IN PART plaintiffs' motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.
The Court GRANTS plaintiffs' motion for partial summary judgment against the following fifteen defendants on the issue of liability under CERCLA section 107(a): Alumax, Inc., (hereinafter "Alumax"), Deutsch Company, (hereinafter "Deutsch"), General Electric Company, (hereinafter "GE"), McDonnell Douglas Corporation, (hereinafter "McDonnell Douglas"), NI Industries, Inc., (hereinafter "NI"), General Steel and Wire Co., Inc., (hereinafter "General Steel"), Paul and Lucille Hubbs, (hereinafter "the Hubbs"), Montrose Chemical Corporation of California, (hereinafter "Montrose"), Northrop Corporation, (hereinafter "Northrop"), Quemetco, Inc., (hereinafter "Quemetco"), Rheem Manufacturing Company, (hereinafter "Rheem"), Rockwell International Corporation, (hereinafter "Rockwell"), Rohr Industries, Inc., (hereinafter "Rohr"), Stauffer Chemical Company, (hereinafter "Stauffer"), and the Stringfellow defendants (including Stringfellow Quarry Co., Stringfellow Quarry Co., Inc., and J.B. Stringfellow Jr.). The above-mentioned defendants will be hereinafter referred to as "the fifteen defendants."
However, the Court DENIES plaintiffs' motion for partial summary judgment under CERCLA section 107(a) against the following four defendants: Alcan Aluminum Corporation, (hereinafter "Alcan"), National Distillers and Chemical Corporation, (hereinafter "National Distillers"), Rainbow Canyon Manufacturing Corporation, (hereinafter "Rainbow"), and Weyerhaueser Company, (hereinafter "Weyerhaueser"). The Court finds that there are genuine issues of material fact as to the liability of these four defendants.
Furthermore, the Court GRANTS plaintiffs' motion for partial summary judgment with respect to defendants' affirmative defenses listed under CERCLA section 107(b). The Court finds that there are no material issues of fact as to defendants' act of God defense and act of War defense.
In addition, the Court GRANTS the motions by the United States to strike the defendants' affirmative defenses other than those listed in section 107(b). The Court concludes that Congress intended to impose strict liability on defendants subject only to the affirmative defenses stated in section 107(b).

BACKGROUND
In the instant action, the United States and the State of California have sued the owners and operators of a toxic waste disposal site, (hereinafter "the Stringfellow site"), the generators of waste at the Stringfellow site, and the transporters of waste from generators to facilities, due to releases and threats of release of hazardous substances. In addition, Concerned Neighbors in Action, (hereinafter "CNA"), a group of homeowners living in the surrounding area, are intervenors in the action.
*1059 The plaintiffs are seeking to recover the costs of remediation at the Stringfellow site pursuant to the following federal and state laws: CERCLA, 42 U.S.C. §§ 9601-9657; the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. §§ 6901-6987; the Federal Water Pollution Control Act (the Clean Water Act), 33 U.S.C. §§ 1251-1376; the Safe Drinking Water Act, 42 U.S.C. §§ 300f-300j-10; the California Hazardous Substances Account Act, Cal. Health & Safety Code §§ 25300-25395; and the California law of nuisance.
After full consideration of plaintiffs' motion for partial summary judgment with respect to liability and defenses under CERCLA sections 107(a) and 107(b), and the motion of the United States to strike affirmative defenses raised by the defendants other than those listed in section 107(b), IT IS HEREBY ORDERED as follows:

A. The Court Grants Plaintiffs' Motion for Partial Summary Judgment Against the Fifteen Defendants Pursuant to CERCLA Section 107(a).

In order to establish liability under CERCLA section 107(a), the plaintiffs must establish the following:
(1) the Stringfellow site is a "facility";
(2) there has been a "release" or "threatened release" of a "hazardous substance" from the Stringfellow facility;
(3) the government has incurred "costs" in response to the release or threat of release; and
(4) each defendant must be one of the following "persons":
(a) one who owns or operates the facility;
(b) one who owned or operated the facility at which such hazardous substances were disposed of;
(c) one who arranged for disposal of a hazardous substance which it owned or possessed, at a facility containing such hazardous substances; or
(d) one who accepted a hazardous substance for transport to a disposal or treatment facility or to a site selected by such person.
In the present case, the Stringfellow site is a facility within the meaning of CERCLA section 107(a) since hazardous substances were disposed of at the site. Defendants argue there is a factual dispute as to the boundaries of the Stringfellow facility. However, nothing in the statute or case law supports defendants' claim that a "facility" must be defined by or be coextensive with an owner's property lines. Moreover, plaintiffs have shown that there has been an actual or threatened "release" of a hazardous substance from the facility. Furthermore, the government has incurred costs in response to the release or threat of release. In addition, each defendant is either a present or prior owner or operator of the facility, a generator of waste, or a transporter of waste from generators to facilities. Thus, since there are no material issues of fact with respect to liability of the fifteen defendants pursuant to CERCLA section 107(a), the Court grants plaintiffs' motion for partial summary judgment.
The defendants allege that they should not be held jointly and severally liable under CERCLA section 107(a). Judge Lucas, (who is presently Chief Justice of the California Supreme Court), previously issued an opinion in the instant action dealing with the issue of joint and several liability. U.S. v. Stringfellow, 20 ERC 1905 (1984) [Available on WESTLAW, DCT database]. Judge Lucas denied defendants' motion to dismiss the first amended complaint, and defendants' alternative motion to strike allegations of joint and several liability with respect to CERCLA section 107(a). Id. at 1912. Judge Lucas found that "the explicit terms of section 107(a) do not require the imposition of joint and several liability." Id. at 1908. However, Judge Lucas concluded that section 107(a) permits joint and several liability. Id. at 1909. Nevertheless, Judge Lucas did not decide whether the instant action is an appropriate case for imposing joint and several liability.
The issue of whether joint and several liability should be imposed on the defendants in the present case is currently before *1060 the Court since the plaintiffs have moved for partial summary judgment pursuant to CERCLA section 107(a). The Court concludes that the instant action is an appropriate case for imposing joint and several liability upon the defendants.
There are two distinct contexts in which the issue of "apportionment" arises. It is critical that these two different contexts are not confused. In the first context, the question is whether the harm resulting from two or more causes is indivisible, or whether the harm is capable of division or apportionment among separate causes. If there is a single harm that is theoretically or practically indivisible, each defendant is jointly and severally liable for the entire injury. However, if there are distinct harms that are capable of division, then liability should be apportioned according to the contribution of each defendant. See Restatement (Second) of Torts §§ 433A, 875, 881 (1976).
The second context in which the issue of "apportionment" arises occurs after the first inquiry regarding the indivisibility of the harm. If the defendants are found to be jointly and severally liable, any defendant may seek to limit the amount of damages it would ultimately have to pay by seeking an order of contribution apportioning the damages among the defendants. Judge Lucas clearly referred to this second context in stating that "the guidelines of the Gore amendment should be used in determining whether damages should be apportioned." U.S. v. Stringfellow, 20 ERC 1905, 1910 (1984).
Thus, the first issue to address in determining whether to impose joint and several liability is whether the harm at the Stringfellow site is indivisible. The indivisibility determination should be resolved on a motion for summary judgment because "[t]he question whether the harm to the plaintiff is capable of apportionment among two or more causes is a question of law, and is for the decision of the Court in all cases." Restatement (Second) of Torts § 434 Comment d (1976) (emphasis added).
In the present case, the defendants have not met their burden of proving that the harm is divisible. Moreover, the Court concludes that the harm is theoretically and practically incapable of division among the defendants due to the synergistic effects of the commingling of different wastes. The Court finds that it is simply impossible to determine which defendants' waste contributed in what specific manner to the releases and continuing threat of further releases. Therefore, the Court concludes that the harm is indivisible, and that the defendants are jointly and severally liable.
It is helpful to note that the purpose of CERCLA is environmental protection, including protection of public health and safety. Imposing joint and several liability carries out the legislative intent by insuring that responsible parties will fulfill their obligations to clean up the hazardous waste facility. The Court has discretion to use equitable factors in apportioning damages in order to mitigate the hardships of imposing joint and several liability upon defendants who have only contributed a small amount to a potentially large indivisible harm. However, the Court's discretion in apportioning damages among the defendants during the contribution phase does not effect the defendants' liability.
An additional hurdle to overcome in order to grant partial summary judgment against the fifteen defendants pursuant to CERCLA section 107(a) is causation. The language of CERCLA section 107(a) is clear that causation is established if defendants fall within one of the categories of persons associated with a hazardous waste disposal facility and a release or threatened release of a hazardous substance from that facility occurs, causing the incurrence of response costs. Furthermore, the legislative history indicates that traditional causation need not be proven. CERCLA originally was enacted by Congress from a Senate bill which expressly imposed a causation requirement. The causation requirement was deleted from the statute. In addition, the case law indicates that section 107(a) contains no causation requirement. State of New York v. Shore Realty Corporation, 759 F.2d 1032, 1044 (2d Cir.1985); United States v. Cauffman, *1061 21 ERC 2167 (1984); United States v. Wade, 577 F.Supp. 1326, 1333 (E.D.Pa. 1983). Thus, plaintiffs do not have to prove traditional causation.
In summation, the Court finds that joint and several liability is appropriate in the instant action since the harm is indivisible. Moreover, the Court will consider contribution of damages at a subsequent proceeding since it does not affect defendants' initial liability. Furthermore, traditional causation need not be proven. Therefore, the Court grants plaintiffs' motion for partial summary judgment pursuant to CERCLA section 107(a) against the fifteen defendants. However, the Court denies the plaintiffs' motion for partial summary judgment pursuant to CERCLA section 107(a) as to defendants Alcan, National Distillers, Rainbow, and Weyerhaueser because there are material issues of fact in dispute as to the liability of these defendants.

B. The Court Grants Plaintiffs' Motion for Partial Summary Judgment with Respect to the Defenses Listed under CERCLA Section 107(b).

CERCLA section 107(b) provides:
There shall be no liability under subsection (a) of this section for a person otherwise liable who can establish by a preponderance of the evidence that the release or threat of release of hazardous substance and the damages resulting therefrom were caused solely by 
(1) an act of God;
(2) an act of War;
(3) an act or omission of a third party other than an employee or agent of the defendant, or than one whose act or omission occurs in connection with the defendant ... if the defendant establishes by a ponderance of the evidence that (a) he exercised due care with respect to the hazardous substance concerned, taking into consideration the characteristics of such hazardous substance, in light of all the relevant facts and circumstances, and (b) he took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such act or omissions; or
(4) any combination of the foregoing paragraphs.
Thus, when claiming a defense under section 107(b), the defendants must show that the act or omission was caused solely by an act of God, an act of War, or a third party. The defendants raised the act of God defense under section 107(b)(1) and the third party defense under section 107(b)(3).
The defendants contend that the heavy rainfall in 1969 and 1979 was a natural disaster which constituted an act of God. However, the Court finds that the rains were not the kind of "exceptional" natural phenomena to which the narrow act of God defense of section 107(b)(1) applies. The rains were foreseeable based on normal climatic conditions and any harm caused by the rain could have been prevented through design of proper drainage channels. Furthermore, the rains were not the sole cause of the release. Therefore, the Court concludes that the rains were not sufficient to establish an act of God defense pursuant to CERCLA section 107(b)(1).
In addition, the defendants allege that the third party defense under section 107(b)(3) applies because the cause of the release was the negligent and reckless conduct of the State of California. However, section 107(b)(3) provides a defense to liability only where a totally unrelated third party is the sole cause of the release or threatened release of a hazardous substance. The Court concludes that there were multiple causes of the release and threats of release at the Stringfellow site. Therefore, the third party defense of section 107(b) does not apply in the instant action.

C. The Court Grants the United States' Motion to Strike Defendants' Affirmative Defenses Other Than Those Listed in Section 107(b).

Defendants have raised several affirmative defenses to liability in addition *1062 to those defenses listed in section 107(b). However, section 107(a) imposes strict liability on responsible parties "[n]otwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section...." 42 U.S.C. section 9607(a) (emphasis added). Since the plain meaning of the statute is unambiguous, the Court finds that Congress intended to impose strict liability on defendants subject only to the affirmative defenses listed in section 107(b). See United States v. Price, 577 F.Supp. 1103, 1114 (D.N.J.1983). Therefore, the Court concludes that defendants cannot raise any affirmative defenses other than those listed in section 107(b).
The defendants rely on Weinberger v. Romero-Barcelo, 456 U.S. 305, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982). However, defendants' reliance on the Romero-Barcelo case is misplaced. The Court in Romero-Barcelo held that equitable defenses to liability are not appropriate "[u]nless a statute in so many words, or by necessary and inescapable inference, restricts the court's jurisdiction in equity...." Id. at 313, 102 S.Ct. at 1803, quoting Porter v. Warner Holding Company, 328 U.S. 395, 398, 66 S.Ct. 1086, 1089, 90 L.Ed. 1332 (1946). CERCLA section 107(a) provides the restrictive words referred to by the Romero-Barcelo Court. The language provides that "[n]otwithstanding any other provision or rule of law" liability under section 107(a) is "subject only to the defenses set forth in subsection (b)...." Thus, relying in part on the Romero-Barcelo case, and in part on the plain language of section 107(a), the Court concludes that the only affirmative defenses that can be asserted to liability under section 107(a) are those listed in section 107(b). Therefore, the Court grants the United States' motion to strike the defendants' affirmative defenses other than those listed in section 107(b).
Another reason why the Court strikes the equitable defenses to liability raised by the defendants is that they cannot be asserted against the government when it acts in its sovereign capacity to protect the public health and safety. Chesapeake & Delaware Canal Company v. United States, 250 U.S. 123, 125, 39 S.Ct. 407, 408, 63 L.Ed. 889 (1919). See also, Chevron, U.S.A., Inc. v. United States, 705 F.2d 1487, 1491 (9th Cir.1983); United States v. First National Bank of Circle, 652 F.2d 882, 890 (9th Cir.1981). Since the plaintiffs in the instant action are acting to protect the public interest, the equitable defenses raised by the defendants cannot be used to preclude liability under CERCLA section 107(a).
Furthermore, the affirmative defenses raised by the defendants of comparative fault, contributory negligence, section 104 related defenses, due care, failure to comply with the national contingency plan, failure to comply with claims procedures under CERCLA section 112, and set-off are not defenses to liability, although they may be relevant factors to consider with respect to damages. Therefore, an additional reason why the Court strikes the above-mentioned defenses is that they are not relevant to the determination of the defendants' joint and several liability under section 107(a).
Moreover, the Court denies defendants' request for leave to amend their pleadings to clear up any defects in their affirmative defenses. The Court finds that it would be futile to allow the defendants to amend their pleadings. There simply are no facts that could support the affirmative defenses raised by the defendants since they are not among the defenses listed in section 107(b).

D. The Court Expressly Does Not Adopt the Following Portions of the Special Master's Report.

(1) The Special Master's Report incorrectly states on page 8, lines 9-14 that the Stringfellow site reopened in June 1973 and closed in 1974. However, in fact, the site never reopened in 1973. Therefore, the Court does not adopt the above-mentioned portion of the Special Master's Report since it is factually incorrect.
(2) The Special Master's Report provides on pages 4-5 that the State of California was motivated to attract commercial enterprise. However, the record does not indicate *1063 that the State of California's involvement was based on its desire to attract industrial development. Therefore, the Court does not adopt the above-mentioned portion of the Special Master's Report since it is not supported by the evidence introduced in the instant proceedings.
(3) The Special Master's Report erroneously states on page 135 that the Hubbs have raised separate arguments regarding liability and defenses under CERCLA. However, the Hubbs never set forth any arguments since the motions were not directed to the Hubbs. Therefore, the Court does not adopt the above-mentioned portion of the Special Master's Report since it is factually incorrect.
Nevertheless, although the Hubbs were not named in plaintiffs' motion for partial summary judgment, the Court sua sponte grants partial summary judgment against the Hubbs pursuant to CERCLA section 107(a). CERCLA section 107(a) provides that a defendant may be liable if he currently owns the facility and the Hubbs are the current owners of the Stringfellow facility. The statute does not require that the present owner contribute to the release, but merely that he is the present owner of the facility where there has been a release or threat of release of a hazardous substance. Accordingly, the Court sua sponte grants partial summary judgment under CERCLA section 107(a) against the Hubbs.
(4) The Special Master recommended denying plaintiffs' motion for partial summary judgment under CERCLA section 107(a) against defendant Deutsch. However, due to the recent merger of ECD into Deutsch, the Court grants plaintiffs' motion for partial summary judgment pursuant to section 107(a) against defendant Deutsch.
Defendant Deutsch filed a Certificate of Ownership with the Secretary of State of California. Pursuant to Section 1110 of the California Corporations Code, a merger of a wholly-owned subsidiary into its parent corporation subjects the parent corporation to all of the liabilities of the subsidiary corporation. The Certificate of Ownership provides that the Deutsch Board of Directors adopted a resolution by which ECD was merged into Deutsch and by which Deutsch unequivocally assumed all obligations of ECD as required by section 1110. Thus, Deutsch has assumed all of ECD's liabilities, including those arising from ECD's arrangements for the disposal of hazardous substances at the Stringfellow site.
Thus, the Court concludes that there is no issue of material fact relating to the liability of defendant Deutsch for the acts of ECD in depositing hazardous substances at the Stringfellow site. Accordingly, the Court finds that granting partial summary judgment against defendant Deutsch pursuant to CERCLA section 107(a) is appropriate. Therefore, the Court does not adopt the Special Master's recommendation to deny partial summary judgment against defendant Deutsch pursuant to CERCLA section 107(a).
IT IS SO ORDERED.