**AKZO COATINGS, INC., et al., Plaintiffs,**

v.

**AIGNER CORP., et al., Defendants.**

**No. S91–570M.**

United States District Court,
Indiana,
South Bend Division.

April 2, 1993.

**590**

Timothy W. Woods, Jones Obenchain Ford Pankow and Lewis, South Bend, IN, Gary R. Letcher, Timothy L. Harker, Colleen M. Morgan, David Zachary Kaufman, The Harker Firm, Washington, DC, for plaintiffs Akzo Coatings, Inc., O'Brien Corporation.

Pierre C. Talbert, Jr., Christopher W. Brownell, Deanna S. Brocker, Foley and Lardner, Chicago, IL, for defendants Aigner Corp., American Can Company, Bee Coated Film Company, Dexter Corp., Duplicolor Products Company, Illinois Bronze Paint Co., Motorola, Inc., Refinish Metals, Inc., S & C Elec. Co., Whittaker Corp.

Pierre C. Talbert, Jr., Christopher W. Brownell, Deanna S. Brocker, Foley and Lardner, Chicago, IL, Kenneth Anspach, John D. Dalton, Margaret Rosenberg Milsky, Anspach and Dalton, Chicago, IL, James E. McKinnon, Reynolds Metals Company, Richmond, VA, for defendant Graham Paint & Varnish Co., Inc.

James H. Milstone, Thorne Grodnik Ransel Duncan Byron and Hostetler, Elkhart, IN, Philip B. McKiernan, Hackman McClar-non Hulett and Cracraft, Indianapolis, IN, for defendant IVC Industrial Coatings, Inc.

Pierre C. Talbert, Jr., Christopher W. Brownell, Deanna S. Brocker, Foley and Lardner, Chicago, IL, James E. McKinnon, Reynolds Metals Co., Richmond, VA, for defendant Reynolds Metals Company.

Richard W. Paulen, Barnes and Thornburg, Elkhart, IN, Pierre C. Talbert, Jr., Christopher W. Brownell, Deanna S. Brocker, Foley and Lardner, Chicago, IL, for defendant Rollcoater.

Pierre C. Talbert, Jr., Christopher W. Brownell, Deanna S. Brocker, Foley and Lardner, Chicago, IL, Mark J. Steger, Clifton A. Lake, McBride Baker and Coles, Chicago, IL, for defendant Sherwin Williams Co.

Pierre C. Talbert, Jr., Christopher W. Brownell, Deanna S. Brocker, Foley and Lardner, Chicago, IL, Ronda P. Bayer, Valspar Corporation, Minneapolis, MN, for Valspar, Inc.

David M. Brooks, L. Michael Koch, Matthew R. Clark, Clark Quinn Moses and Clark, Indianapolis, IN, for defendant Vista Products, Inc. (National Products Division).

Robert C. Mitchell, Morton International Inc., Chicago, IL, Christopher W. Brownell, Deanna S. Brocker, Foley and Lardner, Chicago, IL, Thomas T. Terp, Robert A. Bilott, Taft Stettinius and Hollister, Cincinnati, OH, for defendant Bee Chemical Company.

Timothy J. Abeska, Jeanine M. Gozdecki, Roemer and Mintz, South Bend, IN, Donald B. Hilliker, John J. O'Shea, Pope and John Ltd., Chicago, IL, James R. Morrin, Leo P. Dombrowski, Wildman Harrold Allen and Dixon, Chicago, IL, for defendants CFC International, Inc., Coated Film Company.

### MEMORANDUM AND ORDER

MILLER, District Judge.

This cause comes before the court on the motion of plaintiffs Akzo Coatings, Inc. and The O'Brien Corporation (collectively referred to as "Akzo") to compel responses to interrogatories pursuant to Rule 37 of the Federal Rules of Civil Procedure. For the reasons that follow, the plaintiffs' motion must be granted.

## A.

The RD/RA Settling Defendants [1] have moved for partial summary judgment on their counterclaim seeking to hold Akzo jointly and severally liable under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") for response costs at the Fisher–Calo Superfund Site ("Site"). The court granted Akzo's Rule 56(f) motion last November 5, and afforded Akzo an extension of time within which to conduct discovery and respond to the RD/RA Settling Defendants' motion. On December 2, Akzo served the RD/RA Settling Defendants with interrogatories relating to Akzo's defense that liability for harm at the Site was divisible, and that some or all of the harm at the Site was not caused by Akzo. The RD/RA Settling Defendants objected to a number of Akzo's interrogatories, precipitating the instant motion to compel.

## B.

■ In their motion for partial summary judgment, the RD/RA Settling Defendants contend that Akzo is jointly and severally liable for all the response costs at the Site. "While CERCLA does not mandate the imposition of joint and several liability, it permits it in cases of indivisible harm." *United States v. Monsanto Co.*, 858 F.2d 160, 171 (4th Cir.1988), *cert. denied*, 490 U.S. 1106, 109 S.Ct. 3156, 104 L.Ed.2d 1019 (1989); *see also United States v. Alcan Aluminum Corp.*, 964 F.2d 252, 271 (3rd Cir.1992); *Weyerhaeuser Co. v. Koppers Co., Inc.*, 771 F.Supp. 1420, 1425–26 (D.Md.1991); *Kelley v. Thomas Solvent Co.*, 714 F.Supp. 1439, 1448 (W.D.Mich.1989).

■ If the harm at the Site is divisible, however, then a party is liable only for that portion of the harm caused by that party. *United States v. Alcan Aluminum Corp.*, 964 F.2d at 271; *United States v. Monsanto Co.*, 858 F.2d at 171–72; *Hatco Corp. v. W.R. Grace & Co.—Conn.*, 801 F.Supp. 1309, 1330 (D.N.J.1992); *Weyerhaeuser Co. v. Koppers*

*Co., Inc.*, 771 F.Supp. at 1425; *Kelley v. Thomas Solvent Co.*, 714 F.Supp. at 1448. Akzo bears the burden of proving that the harm is divisible. *See Kelley v. Thomas Solvent Co.*, 714 F.Supp. at 1448; *United States v. Chem–Dyne Corp.*, 572 F.Supp. 802, 811 (S.D.Ohio 1983).

■ Moreover, divisibility of harm may be used to preclude summary judgment as to joint and several liability. In *Hatco Corp. v. W.R. Grace & Co.—Conn.*, 801 F.Supp. 1309, the plaintiff moved for partial summary judgment as to the defendants' liability under CERCLA. The court held that because the defendant had raised sufficient questions of fact as to the relative degrees of harm caused by the plaintiff, the defendant should have the opportunity to prove at trial that the harm was divisible. 801 F.Supp. at 1331. Accordingly, the court denied the plaintiff's motion for partial summary judgment. *Id.*

Akzo contends that the harm at the Site is divisible among six distinct geographic areas, which Akzo calls "facilities". In its interrogatories, Akzo requested that the RD/RA Settling Defendants state whether they contend that any of Akzo's waste is located at each of the six distinct areas, whether Akzo has caused or is causing harm or the threat of harm at each of the areas, and whether the RD/RA Settling Defendants have incurred or will incur response costs as a result of the harm caused by Akzo's waste. Akzo also has requested that the RD/RA Settling Defendants disclose documents or witnesses pertaining to these issues.

The RD/RA Settling Defendants acknowledge that case law recognizes that the divisibility of harm is an affirmative defense to the imposition of joint and several liability under CERCLA, but contend that Akzo's discovery requests go beyond what is relevant to its divisibility defense. The RD/RA Settling Defendants claim that based upon CERCLA's definition of "facility", 42 U.S.C. § 9601(9), there is no basis for dividing the

---

1. The RD/RA Settling Defendants include defendants Aigner Corp., American National Can Co., The Dexter Corp., Duplicolor Products Co., Graham Paint & Varnish Co., Inc., Illinois Bronze Paint Co., Motorola, Inc., Prefinish Metals, Inc., Reynolds Metals Co., Roll Coater, Inc., S & C Electric Co., Sherwin Williams Co., Valspar, Inc., Whittaker Corp., and Morton International, Inc., on behalf of Bee Chemical Co—Lansing & Armstrong Products.

Site into six distinct "facilities" for purposes of determining Akzo's liability.

■ Whether each of the six distinct areas is properly considered a "facility" pursuant to § 9601(9) is an issue the court need not decide at this time. The case law provides that if the harm at the Site is divisible, then a party is liable only for that portion of the harm caused by that party. The information sought by Akzo is relevant to responding to the RD/RA Settling Defendants' motion for partial summary judgment. The RD/RA Settling Defendants are attempting to hold Akzo jointly and severally liable for all response costs; Akzo contends that if it caused any harm, such harm is divisible and it is liable only for that portion of harm that it specifically caused. Thus, the information sought by Akzo has the tendency to make the existence of the its defense to joint and several liability more or less probable, and is therefore relevant. Thus, Akzo is entitled to discovery of facts concerning the divisibility of harm at the Site.

### C.

■ The RD/RA Settling Defendants have objected to numerous interrogatories on the grounds that there is no causation element or requirement in CERCLA cost-recovery and contribution actions. A plaintiff generally need not show that the defendant caused a release of hazardous substances to establish liability under CERCLA. *United States v. Alcan Aluminum Corp.*, 964 F.2d at 266; *Dedham Water Co. v. Cumberland Farms Dairy, Inc.* 889 F.2d 1146, 1152–54 (1st Cir. 1989). However, if the defendant can prove that it did not cause any harm, then it should not be held liable. *United States v. Alcan Aluminum Corp.*, 964 F.2d at 270. In *Alcan*, the court stated:

> We note that the Government need not prove that Alcan's emulsion caused the release or the response costs. On the other hand, if Alcan proves that the emulsion did not or could not, when mixed with other hazardous wastes, contribute to the release and the resultant response costs, then Alcan should not be responsible for any response costs. In this sense, our result thus injects causation into the equa-

tion but ... places the burden of proof on the defendant instead of the plaintiff. We think that this result is consistent with the statutory scheme and yet recognizes that there must be some reason for the imposition of CERCLA liability.... Of course, if Alcan cannot prove that it should not be liable for any response costs or cannot prove that the harm is divisible and that the damages are capable of some reasonable apportionment, it will be liable for the full claim....

*United States v. Alcan Aluminum Corp.*, 964 F.2d at 270–71; *see also United States v. Chem–Dyne Corp.*, 572 F.Supp. at 811 ("If the harm is divisible and if there is a reasonable basis for apportionment of damages, each defendant is liable only for the portion of the harm he himself caused."). Thus, Akzo should be entitled to discovery regarding the cause of the harm at the Site.

■ Akzo's interrogatories regarding causation ask the RD/RA Settling Defendants to state their contentions as to the cause of the harm at the Site, and to state their contention as to whether the cause of harm at each of the six distinct areas is distinguishable from the cause of harm at the other areas. These interrogatories go directly to the heart of Akzo's divisibility defense. Akzo also requests information concerning documents and the names of potential witnesses that may have some bearing on the cause of the harm. To put forth their defense, Akzo must be allowed to discover such information.

The RD/RA Settling Defendants claim that Akzo's defense is incompatible with CERCLA's liability scheme. They contend that there is no support for apportioning CERCLA liability on the basis of causation. However, there are two distinct contexts in which the issue of apportionment arises:

> In the first context, the question is whether the harm resulting from two or more causes is indivisible, or whether the harm is capable of apportionment among separate causes. If there is a single harm that is theoretically or practically indivisible, each defendant is jointly and severally liable for the entire injury. However, if there are distinct harms that are capable

of division, the liability should be apportioned according to the contribution of each defendant.

The second context ... occurs after the first inquiry regarding the indivisibility of the harm. If the defendants are found to be jointly and severally liable, any defendant may seek to limit the amount of damages it would ultimately have to pay by seeking an order of contribution apportioning the damages among the defendants....

Thus, the first issue to address in determining whether to impose joint and several liability is whether the harm at the Stringfellow site is indivisible. The indivisibility determination should be resolved on a motion for summary judgment....

*United States v. Stringfellow*, 661 F.Supp. 1053, 1060 (C.D.Cal.1987).

The RD/RA Settling Defendants' arguments, and the cases they cite, address the second context of apportionment, where the Site previously has been determined to be indivisible and the defendants have been held jointly and severally liable. *See United States v. R.W. Meyer, Inc.*, 889 F.2d 1497, 1506–08 (6th Cir.1989) (the court had previously determined that the environmental harm on the property was indivisible, and that the defendants were jointly and severally liable), *cert. denied*, 494 U.S. 1057, 110 S.Ct. 1527, 108 L.Ed.2d 767 (1990); *Weyerhaeuser Co. v. Koppers Co., Inc.*, 771 F.Supp. at 1425–26 (court had already held that the harm was indivisible, and therefore parties were jointly and severally liable); *United States v. Northernaire Plating Co.*, 670 F.Supp. 742, 748 (W.D.Mich.1987) (court held that the harm was indivisible, and all of the defendants were jointly and severally liable).

This case involves apportionment as that term is used in the first context. At this point, the question is whether the harm at the Site resulting from two or more causes is indivisible, or whether the harm is capable of apportionment among separate causes. *United States v. Stringfellow*, 661 F.Supp. at 1060. This determination may be resolved on a motion for summary judgment. *Id.*

The RD/RA Settling Defendants also rely upon *Environmental Transportation Sys-* *tems, Inc. v. ENSCO, Inc.*, 969 F.2d 503 (7th Cir.1992), for the proposition that causation is an irrelevant consideration when determining CERCLA liability. In that case, however, the court was determining the contribution among the parties, and not the parties' underlying liability:

The *Chem–Dyne* decision, however, refers to "apportionment" in terms of divisibility for the defendant seeking to avoid joint and several liability as opposed to apportionment in terms of contribution. Our task in this case is how to apply reasoning from cases whose joint and several liability rationale is really very different from the context of a contribution action.

969 F.2d at 508. The Seventh Circuit did not address the propriety of raising the divisibility defense or causation at this stage of the proceedings.

### D.

The RD/RA Settling Defendants also object to Akzo's definition of the phrase "generated by plaintiffs" on the grounds that the definition is irrelevant and a mischaracterization of CERCLA's standard for generator liability. Akzo defined "generated by plaintiffs" as:

... the particular units of substance that originated at plants operated by Reliance Universal, Inc. (n/k/a Akzo Coatings, Inc.) and The O'Brien Corporation. "Generated by plaintiffs" does not refer to substances of the same type or description that may have been generated by other entities.

Akzo's definition is relevant to the question of whether the harm at the Site is divisible, and whether any of the harm was caused by Akzo. Moreover, the definition does not refer to CERCLA or attempt to impose or alter CERCLA's standard for generator liability. The RD/RA Settling Defendants' objection is not well taken.

The RD/RA Settling Defendants also object to certain interrogatories claiming that they seek the identity of trial witnesses. Akzo's interrogatories asked for identification of all "witnesses whose testimony" the RD/RA Settling Defendants expect to support their contentions. Akzo maintains that

it is not seeking the identity of trial witnesses, but the identity of any persons whom the RD/RA Settling Defendant know possess certain information regarding the harm at the Site. Akzo is entitled to the identity of such persons.

### E.

In sum, the court GRANTS the plaintiffs' motion to compel, and ORDERS the RD/RA Settling Defendants to answer the plaintiffs' interrogatories.

SO ORDERED.